IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS ALONSO VASQUEZ HERNANDEZ,<br>A# 221-372-200,<br><br>*Petitioner*,<br><br>V.<br><br>SYLVESTER M. ORTEGA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement, *et al.*,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-06212-FB |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Luis Alonso Vasquez Hernandez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1), and the Federal Respondents' response (ECF No. 4). After careful consideration, the Court is of the opinion that the Petition should be denied.

Petitioner entered the United States without inspection in 2005; was detained by immigration authorities for the first time on August 24, 2026; and remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of Petitioner's full removal proceedings. Petitioner challenges Petitioner's detention as violating the INA and Petitioner's right to due process.[1]

Petitioner's statutory basis for relief–*i.e.,* that the INA's discretionary detention provision applies and entitles Petitioner to a bond hearing–was foreclosed by a divided panel of the Fifth Circuit in *Buenrostro-Mendez v. Bondi*. *See* 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long

[1] Petitioner also asserts entitlement to habeas relief based on the Administrative Procedure Act (APA). This claim is DISMISSED. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA").

they have resided inside the United States.”). As such, all applicants for admission, like Petitioner, are subject to mandatory detention during the pendency of removal proceedings. *Id.*

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner’s constitutional bases for relief, holding that such mandatory detentions do not violate an applicant for admission’s Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) (“Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal.”); *see also id.* at *7 (“[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A).”); *id.* at *11 (“[A]ny right to seek release pending removal proceedings is not ‘objectively, deeply rooted in this Nation’s history and tradition’ and [therefore] cannot be a substantive due process right.”) (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission’s pre-removal detention raises no constitutional concerns).

IT IS THEREFORE ORDERED that Petitioner Luis Alonso Vasquez Hernandez’s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is now CLOSED.

It is so ORDERED.

SIGNED this 2nd day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE